UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAMON SYKES,                                    ) No. CV 19-1792 GW (FFM)
                                                )
                           Petitioner,          ) ORDER TO SHOW CAUSE WHY
        v.                                      ) PETITION SHOULD NOT BE
                                                ) DISMISSED FOR LACK OF
FELICIA PONCE,                                  ) JURISDICTION
                                                )
                           Respondent.          )
                                                )
_____        )

On March 12, 2019, Petitioner Damon Sykes ("Petitioner"), a federal inmate
currently incarcerated at the United States Penitentiary in San Pedro, California, filed a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket.
No. 1). The Petition challenges Petitioner's 2011 conviction and sentence imposed
following a plea of guilty in the United States District Court for the Northern District
of California.

## PROCEDURAL BACKGROUND[1]

On July 14, 2011, Petitioner was sentenced to a term of imprisonment of 252
months following a plea of guilty of three counts of armed bank robbery, in violation
of 18 U.S.C. § 2113(a) and (d), and one count of conspiracy to commit armed bank

_____

[1]The Court takes judicial notice of the Memorandum Decision of the United States
Court of Appeals for the Ninth Circuit, *United States v. Sykes*, 479 Fed. Appx. 72 (9th
Cir. 2012).

robbery, in violation of 18 U.S.C. § 371.  Petitioner appealed his sentence, and the Ninth Circuit affirmed.  *Sykes*, 479 Fed. Appx. at 73.

## PETITIONER'S CONTENTIONS

Petitioner raises the following three grounds for relief:

Ground One: Prosecutorial Misconduct – *Brady* and *Giglio* violations resulting in incorrect Sentencing Guideline range;

Ground Two: Actual Innocence – Guilty Plea does not coincide with the facts and does not meet the elements of the offense; and

Ground Three: Actual Innocence – False information charged in the indictment.

## DISCUSSION

The Court is obligated to address the issue of jurisdiction before it can reach the merits of Petitioner's claim.  *See Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000).  Challenges to the legality of a conviction or a sentence generally must be made in a motion to vacate sentence filed under section 2255 in the sentencing court.  *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).  Challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 ("section 2241") in the custodial court.  *See Hernandez*, 204 F.3d at 864.

Notwithstanding the general rule that a petitioner must challenge the legality of his confinement in the sentencing court, section 2255(e) provides an exception to this rule if section 2255 "is inadequate or ineffective to test the legality of his detention." Under section 2255(e), known as the "escape hatch," a petitioner may challenge the legality of his sentence in the custodial court through a petition filed under section 2241 if he meets certain requirements.  *E.g.*, *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In the Ninth Circuit, the escape hatch is available to a petitioner when he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed

procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). Significantly, if the petitioner satisfies the escape hatch requirements, he may avoid the procedural hurdles that are specific to section 2255 motions. *See, e.g.*, *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003) (petitioner may use the escape hatch to avoid the bar on second or successive motions).

Here, because Petitioner seeks to challenge the legality of his conviction and sentence, the Petition should have been filed as a section 2255 motion in the sentencing court unless Petitioner can demonstrate that the escape hatch entitles him to file the Petition under section 2241. However, the Petition does not demonstrate that Petitioner's claims fall under section 2255's escape hatch. The Petition makes bare allegations of actual innocence. However, "[i]n [the Ninth Circuit], a claim of actual innocence for the purposes of the escape hatch of section 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Actual innocence means factual innocence, not merely legal insufficiency." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012). The bare allegations here that Petitioner is actually innocent simply fail to meet the *Bousley* standard.

The Petition also fails to demonstrate that Petitioner has not had an unobstructed procedural shot at presenting his claims. The Petition here alleges that the Ninth Circuit denied his application for permission to file a second section 2255 petition on January 18, 2019. (Docket No. 1, p. 4.) Therefore, it appears that Petitioner has filed at least one previous section 2255 motion. The Petition fails to demonstrate how that previous section 2255 motion did not allow Petitioner an unobstructed procedural shot at presenting the current claims.

///

**ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that section 2255(e)'s escape hatch entitles him to file the Petition under section 2241.  Therefore, the Court orders Petitioner to show cause in writing within 30 days of the date of this order why the Petition should not be dismissed for lack of jurisdiction.  If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Date: April 2, 2019 _____                    /S/ FREDERICK F. MUMM_____
                                                  FREDERICK F. MUMM
                                    United States Magistrate Judge